In re EXTENSION OF NORTH THIRD AVE.

(Supreme Court, Appellate Division, Second Department. May 3, 1898.)

REFERENCE—EXTENSION OF STREETS—PROCEEDINGS OF COUNCIL.

Even if an appeal lies at all from the action of a common council in authorizing the extension of a street across the tracks of a railroad, under section 61 of the railroad law, as amended by Laws 1897, c. 754, there is no

authorization for an application by the railroad company to the appellate court for the appointment of a referee to take proof of the facts and circumstances upon which the common council passed the ordinance.

In the matter of the extension of North Third avenue to First street, in the city of Mt. Vernon, on application made for appointment of a referee. Denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry W. Taft, for the motion.

William J. Marshall, Corp. Counsel, opposed.

PER CURIAM. This is an application for the appointment of a referee to take proof of the facts and circumstances upon which the common council of Mt. Vernon passed an ordinance for the extension of North Third avenue, in said city, across the railroad tracks of the appellant, the New York, New Haven & Hartford Railroad Company. The appellant seeks to review the determination of the common council for the extension of the avenue, made under the provisions of section 61 of the railroad law, as amended by chapter 754 of the Laws of 1897. It is not entirely clear that under the statute an appeal lies from the action of the common council. Section 62 provides for action of the railroad commissioners in the cases of existing grade crossing of railroads or highways. It is further provided that: "Any person aggrieved by such decision, or by a decision made pursuant to sections sixty and sixty-one, may appeal to the appellate division of the supreme court, in the same manner and with like effect as is provided in the case of appeals from an order of the supreme court." In this statute the term "decision" seems to be used only with reference to the action of the railroad commissioners, and not as to the action of the common council. At the same time, it appears inconsistent that the railroad company should have the right of appeal to the courts from a determination as to the manner in which its railroad should be crossed by the highway, but none on the question of whether there should be a crossing at all. However, we should not decide the question on this application; but we are clear that there is no authority for the procedure which the appellant asks us to adopt. If an appeal lies, and in our inquiry we are not limited to the record before the common council, then the appellant should submit proofs, by affidavit, of the facts and circumstances, showing the impropriety of the new crossing. But, if the reference now applied for is to have any effect, it would result simply in an examination of the grounds on which the particular members of the common council determined that the proposed extension was necessary or advantageous. We know of no precedent for such an inquiry.

The motion should be denied.